*Ex parte* JESSE J. BRADFORD, Clerk, and HUGH G. IVEY, Sheriff, of Muscogee County.

1. The act of March 2d, 1874, pamphlet page 90, in these words, to-wit: "Be it enacted, that the law passed by the general assembly and approved December 13th, 1871, providing that compensation should be

Bradford and Ivey.

made to ordinaries for services in relation to county business, and to sheriffs and clerks of the superior court for services in relation to which existing laws provide no adequate compensation at all, etc., etc., be and the same is hereby repealed," indicates an intention in the general assembly to repeal all laws authorizing such compensation, and the act of 1862, Irwin's Code, section 3645, making substantially the same provisions, but providing a different mode for ascertaining such compensation, is not revived by such act of March 2d, 1874.

2. Persons performing any service for the county, which in its nature creates a debt against the county, have the same method of seeking compensation as have other creditors of a county, to-wit: by application to the ordinary or county commissioners, or by suit at law.

County matters. Clerk. Sheriff. Costs. Before Judge JAMES JOHNSON. Muscogee Superior Court. May Term, 1874.

The clerk and sheriff of the superior court of Muscogee county petitioned the said court substantially as follows :

They present the annexed bills of items, for which they claim that they are entitled to be paid under the provisions of the statute authorizing the judge of the superior court, in certain cases, to allow extra compensation to clerks and sheriffs. They show that for a time this power was vested in the grand juries, but under the law as it now stands the power is in the judge of the superior court alone. They therefore ask such compensation as the court may think just and proper after hearing the evidence which the petitioners now offer to submit.

To this petition were attached two itemized accounts against the county of Muscogee, one in favor of the clerk and the other in favor of the sheriff.

The presiding judge declined to hear any testimony under said petition, holding that the act of 1862, (Irwin's Code, section 3646,) was repealed, and that he had no power to allow extra compensation as provided for in the same. To this ruling petitioners excepted.

R. J. MOSES; INGRAM & CRAWFORD, for plaintiffs in error.

No appearance *contra*.

Bradford and Levy.

McCAY, Judge.

It seems to us very plain that it was the intention of the legislature, by the act of March 2d, 1874, to cut up by the roots the system introduced, first by the act of December 12th, 1862. Previously to that date there was no law to authorize sheriffs, clerks, etc., to be paid for extra service in the performance of any official duty. The duties cast on them for which no compensation was specially provided were burdens on the office, and the law-makers considered that the compensation received in the shape of costs and from private persons, full remuneration for the public duties required by the officer. Our old inferior court served without pay altogether; so of our road commissioners and militia officers; so may duties of a magistrate be without remuneration, as the duty to hold elections, to make out a list of tax-payers, etc. The act of 1862 changed this view of the matter, and recognized the right of the clerks and sheriffs to be paid for services, summoning juries, etc. The act of December 13th, 1871, keeps up the same idea, and includes ordinaries as one of these officers. True, it changes the mode in some respects by which the funds are to be raised and the claims audited. The act of March 2d, 1874, does not simply repeal the mode of audit nor change the mode of raising the funds, nor does it simply repeal the act of 1871 by its title. It declares that the act of 1871, that compensation shall be made to these officers, is repealed. It is noticeable, too, that it is only the act of 1871 which includes ordinaries. We do not think it reasonable to suppose that the legislature intended to deny this right of compensation to ordinaries and permit the clerks and sheriffs to have it, as we all know that since 1868 the ordinaries have far more of such duties than either of the other officers. As we have said, the language of the act of 1874 is very significant of an intention to take away the right altogether, to leave the whole matter as it stood before the innovation of 1862. It does not say that the mode of audit provided by the act of 1871 is repealed, but that the

act "providing that compensation shall be made be and is hereby repealed." For these reasons we think the act of 1862 was not revived.

Judgment affirmed.